FILED

APR 24 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY GARDNER CLANAHAN, | CASE NO. CV F 05-0796 LJO DLB |
| Plaintiff, | **ORDER ON MOTIONS TO PRECLUDE EXPERTS** |
| vs. | |
| McFARLAND UNIFIED SCHOOL DIST., et al., | |
| Defendants. | |

Pursuant to the parties' agreement at the time of the pretrial conference, this Court heard cross-motions to preclude experts on shortened time on April 19, 2007 and on shortened briefs. Plaintiff Jody Garner Clanahan appeared by telephone by counsel Phyllis Andelin. Defendants McFarland Unified School District and Ermalind Ozuna appeared by telephone by counsel Arnold Anchordoquy. Defendant David Diaz appeared by telephone by counsel Michelle Sassano. Having considered the parties' papers, and the exhibits attached thereto, as well as the arguments of counsel and the Court's file, the Court issues the following order.

The Court incorporates by reference the attached transcript of the Court's April 19, 2007 Order which was verbally issued at the hearing on the above motions.

IT IS SO ORDERED.

Date: April 24, 2007

LAWRENCE J. O'NEILL
UNITED STATES DISTRICT JUDGE

1

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. LAWRENCE J. O'NEILL

JODY GARDNER CLANAHAN,           )
                                 )  1:05-cv-0796 LJO
         Plaintiff,              )
                                 )  Motion
    vs.                          )
                                 )
MCFARLAND UNIFIED SCHOOL         )
DISTRICT, through its            )
Board of Trustees; DAVID         )
DIAZ, an individual,             )
                                 )
         Defendants.             )
_____)

Fresno, California                    Thursday, April 19, 2007


REPORTER'S TRANSCRIPT OF PROCEEDINGS



REPORTED BY:   PEGGY J. CRAWFORD, RDR, CRR, Official Reporter

APPEARANCES OF COUNSEL:

For the Plaintiff:      LAW OFFICES OF PHYLLIS E. ANDELIN
                        4000 Bridgeway
                        Suite 103
                        Sausalito, CA  94965
                        BY:  **PHYLLIS E. ANDELIN**


For the Defendants:     CLIFFORD & BROWN
                        A Professional Corporation
                        Attorneys at Law
                        Bank of America Building
                        1430 Truxtun Avenue
                        Suite 900
                        Bakersfield, CA  93301-5230
                        BY:  **ARNOLD ANCHORDOQUY**

                        MYERS & MAYFIELD
                        1130 E. Shaw Avenue
                        Suite 200
                        Fresno, CA  93710
                        BY:  **GREG MYERS**

1   Thursday, April 19, 2007                Fresno, California
2   8:50 a.m.
3                *         *         *         *         *
4           THE COURT: All right. Couple of things here. We
5   know that the law is very much focused on having cases decided
6   based on the facts and the law. When that issue comes and
7   faces head on the issue of whether or not people have failed
8   to follow procedure, only under the worst of circumstances of
9   the failure on the procedure is the other trumped.
10          However, having said that, there is and can be and
11  will be in this case, just so you know, there is no secret
12  about it or surprise, at the time of trial, a synergistic
13  effect of not following procedure.
14          Specifically, what I'm saying is that there is now a
15  history here of not following procedure and not tying up the
16  loose ends and not following a court order, or at least not
17  doing something about the court order when it's still in force
18  and effect.
19          At the time of trial, just so you know, this Court is
20  going to follow procedure, is going to follow the rules, and
21  if you don't, don't be shocked when I simply say, "This is
22  trial, this is not discovery any longer, we are following the
23  rules, and I'm sorry you didn't, and there is a penalty to
24  pay," and that is usually preclusion, and we move on. And we
25  do not have the jury wait for us while we sort matters out

1  that should have been sorted out long before the trial
2  started.
3      That's number one.
4      Number two, I'm going to make a very brief comment,
5  Mr. Anchordoquy, on your "cookie" comment, because I doubt
6  very much you would have said that to a male lawyer. And that
7  is a gender issue. And so there is no question either way
8  from anybody's standpoint, this Court does not tolerate gender
9  biased comments. And so that will be the last one in this
10 case.
11     Thirdly, there is no prejudice to the defendant
12 regarding the late designation of Dr. Manohara. There is no
13 prejudice to the plaintiff about the late designation of
14 Dr. Terrell. And I'm saying "late designations" because I'm
15 holding that everyone is late, that 26, Rule 26 was not
16 triggered because there was still a court order in place, the
17 scheduling conference order of September 20 of '05, and that
18 had not been modified, that had not been changed, that had not
19 been vacated, and, therefore, everyone is late.
20     However, we are looking at prejudice now.
21     The defense knew about Dr. Manohara. The plaintiff
22 knew about Dr. Terrell. There is still time to take the
23 depositions of both, and both depositions need to be taken.
24     I'm not going to make a comment on the priority or
25 order of the depositions because I'm not convinced that one

1    could have gone before the other either way.
2            It is, however, prejudicial for the plaintiff to, for
3    the first time, mention in -- and it was by way of late
4    designation, 11 other nonretained experts.  And that,
5    therefore, they will be precluded.
6            Dr. Terrell will not.  Dr. Manohara will not.  But
7    the other, to designate for the first time 11 others a month
8    before trial, it's per se prejudice.
9            With regard to Dr. Terrell and whether or not he went
10   beyond the agreements, that will be ferreted out in the
11   deposition when he is required to answer such questions.
12           And if the plaintiff's counsel believes that he did
13   go beyond the agreement, such questions, as referred to
14   earlier in my earlier comments, can be asked in the form of
15   hypothetical questions, if certain things would change the
16   opinions, if he were not able to consider or mention certain
17   things.
18           As a result of those types of questions, motions in
19   limine can be formed and the Court will rule.
20           But that's the remedy.  The remedy is not to
21   preclude.
22           Anything further?
23           MS. ANDELIN:  Nothing further.
24           MR. ANCHORDOQUY:  This is Anchordoquy, your Honor.
25   We will endeavor to schedule Dr. Manohara's deposition as

1  quickly as possible.  We have to file motions in limine by
2  next Friday, a week from this coming Friday.
3      I don't know how soon we can get Dr. Manohara's
4  deposition on calendar.  I would request leave in the case of
5  Dr. Manohara, if something is said in his deposition that
6  would give rise to the filing of a motion in limine, to file a
7  late motion in limine with regard to something that comes up
8  with regard to his deposition testimony.
9      THE COURT:  Why don't --
10     MS. ANDELIN:  I have no problem with that, your
11 Honor.  This is Phyllis Andelin.
12     THE COURT:  Why don't we do this then.  Let's wait
13 and see if that becomes an issue and, if it does, just submit
14 a letter request, and if anybody wishes to object, then let's
15 have another quick hearing on the phone with everyone present,
16 and we will hash it out, because it's getting too late now to
17 do it any other way.
18     Anything else?
19     MS. ANDELIN:  No.  Thank you, your Honor.  This is
20 Phyllis Andelin.  Thank you, your Honor.
21     MR. ANCHORDOQUY:  This is Anchordoquy, thank you,
22 your Honor.
23     MS. SASSANO:  This is Michelle Sassano.  Thank you,
24 your Honor.
25     THE COURT:  Okay.  We will be in recess.

7

1  (The proceedings were concluded at 9:40 a.m.)

2  I, PEGGY J. CRAWFORD, Official Reporter, do hereby
3  certify the foregoing transcript as true and correct.
4  DATED: *April 24, 2007*                    _____
                                                PEGGY J. CRAWFORD