IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY GARDNER CLANAHAN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MCFARLAND UNIFIED SCHOOL DISTRICT, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV F 05-0796 LJO DLB<br><br>**ORDER DENYING EX PARTE PETITION FOR INTERLOCUTORY CERTIFICATION** |

　　　　On August 17, 2007, plaintiff filed an *ex parte* Petition For Certification of the Order Granting New Trial. Plaintiff sought to certify that portion of the Court's Order on the parties' Post-Trial Motions entered on August 3, 2007 which granted defendants a new trial.

　　　　Plaintiff's Petition came on for hearing on August 22, 2007 in Department 4. Plaintiff Jody Garner Clanahan appeared by telephone by counsel Phyllis Andelin. Defendants McFarland Unified School District appeared by telephone by counsel Arnold Anchordoquy. Defendant David Diaz appeared by counsel Greg Myers.

**Interlocutory Certification**

　　　　When an issue is unresolved and interlocutory resolution could materially advance the termination of the litigation, 28 U.S.C. §1292(b) permits the district court judge to certify the question:

　　　　(b) When a district judge, in making in a civil action an order not

> otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . .

Section 1292(b) provides for interlocutory appeals from otherwise not immediately appealable orders, if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 n. 10, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). Section 1292(b) requires a two step application process; step one is before the district court for certification of the order, and step two is before the court of appeals for permission to appeal. The certification is discretionary within the power of the trial judge. S.Repr. 2434, 85th Cong., 2d Sess., 1958, in 1958 U.S. Code Cong. & Admin. News 5255, 5257. Indeed, the appellate court will not consider the appeal absent written certification by the district court. *Credit Suisse v. U.S. District Ct.*, 130 F.3d 1342, 1346 (9th Cir. 1997). Thus, a party must obtain certification from both the district court and the court of appeals to bring an interlocutory appeal. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 252 F.3d 882 (9th Cir. 2001). Accordingly, this Court has the authority to entertain the petition for certification of an order for interlocutory order because certification by the district court is the first step in §1292(b) procedure.

Section 1292(b) imposes three criteria that must be met before a district court may certify an interlocutory appeal: the order must state "(1) that there is a controlling question of law, (2) that there is substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd*, 459 U.S. 1190 (1983); 28 U.S.C. §1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir.), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974). An order is "controlling" if its resolution could materially affect the outcome of the litigation. *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d at 1026 (trial judge's recusal is a collateral issue). Petitioner must show that an immediate appeal may "materially advance," rather than impede or delay, ultimate termination of the litigation. *Id.* at 1026.

At oral argument, plaintiff argued that whether misconduct is sufficient to grant a new trial is an issue of law.

As explained more fully at oral argument, the Court finds that August 3, 2007 Order does not involve a controlling question of law. The issues resolved by the Court in the August 3, 2007 Order are factual issues, not issues of law. If the Court were to accept plaintiff's argument, any "application of facts to the law" would then be subject to certification under Section 1292.

Further, the Court finds prejudice to the parties during the time an appeal would be pending. Witnesses memories would fade, as the events became more remote in time.

**Conclusion**

Accordingly, plaintiff's request to certify the August 3, 2007 Order for interlocutory appeal is DENIED.

IT IS SO ORDERED.

**Dated:   August 22, 2007**                    /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE